UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY WILLIAMS,

                            Case No. 2:20-cv-13030
                            District Judge Arthur J. Tarnow
     Plaintiff,            Magistrate Judge Anthony P. Patti

v.

FCA US LLC,

     Defendant.
_____/

**ORDER DEEMING RESOLVED IN PART, GRANTING IN PART, and DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (ECF No. 13)**

In this lawsuit, Plaintiff Tracey Williams alleges various claims of discrimination – based upon race, age and disability – and retaliation against Defendant FCA US LLC. (ECF No. 1, PageID.24-35.) Currently before the Court is Plaintiff's August 20, 2021 motion to compel answers to interrogatories and production of documents (ECF No. 13), which concerns Plaintiff's January 21, 2021 interrogatories and requests for production (ECF No. 13-2) and Defendant's June 18, 2021 answers and responses thereto (ECF No. 13-3). Defendant has filed a response, Plaintiff has filed a reply, and the parties have filed a joint list of unresolved issues. (ECF Nos. 16, 17, 18.)

Judge Tarnow has referred this motion to me for hearing and determination. (ECF No. 14.) An in-person motion hearing was held on September 24, 2021, at

1

which attorneys Angela M. Mannarino and Nicholas A. Huguelet appeared.  (ECF No. 15.)  The Court entertained oral argument on the pending motion (ECF No. 13), after which the Court issued its ruling from the bench.

For the reasons stated on the record, <u>all of which are incorporated by reference as though fully restated herein</u>, Plaintiff's motions to compel (ECF No. 13) is **DEEMED RESOLVED IN PART**, **GRANTED IN PART**, and **DENIED IN PART** as follows:

- The September 21, 2021 stipulated order regarding discovery **RESOLVED** the motion as to Interrogatory Nos. 1, 3, 4 & 9 and Document Request Nos. 14, 15, 18 & 24 (ECF No. 19).

- As to Interrogatory No. 7, which sought information regarding investigation(s) of Plaintiff's complaints (ECF No. 13, pageID.118-119; *see also* ECF No. 17, PageID.263), the motion is **DEEMED RESOLVED**.

- As to Interrogatory Nos. 5 and 6,the motion is **GRANTED IN PART** and **DENIED IN PART** as too broad.  When responding to the question, "[f]or the time period 2015 to present, identify each employee who was supervised or evaluated …." (ECF No. 13-2, PageID.128-130), "each employee" shall be defined as Unit Leaders who worked at the same facility as Plaintiff.[1]

- The motion as to Interrogatory No. 8 (ECF No. 13-3, PageID.173) is **GRANTED IN PART** and **DENIED IN**

---

[1] During the hearing, Defendant represented that it will identify decision makers no later than **October 1, 2021** by production of organizational charts.  This will help clarify, *inter alia*, the roles played Joshua Daley and Michael Blosser, as listed in Request for Production No. 19.

**PART** as too broad; it will now be rephrased to read: "Between 2015 and the present, have any other similarly situated employees at the Trenton Engine North plant reported, complained, or otherwise informed/contacted Defendant's HR office, EEOCG Office, Ethics Helpline and/or Management Provide with concerns or issues of discrimination, harassment, hostile work environment and/or retaliation by Larry Chantres, Daniel Smith, Mike Bryant, Tom Windels, Gregg Mannino, Charles Stein, and/or Kevin Cook?" If so, Defendant is to provide certain further information no later than **October 26, 2021**. If necessary, Defendant may qualify its answer using the phrase "to the extent tracked or recorded."

- The motion is **DEEMED RESOLVED** to the extent it sought responses to Requests for Production Nos. 6, 7, 9-11; since the parties filed their statement of unresolved issues, their attorneys have agreed upon search terms (*see* ECF No. 18, PageID.269-270), as to which defense counsel will consult with his client on **September 27, 2021**. The parties will submit a related, stipulated order no later than **October 8, 2021**.

- As to Request for Production Nos. 17, 19-21, the parties placed their stipulation on the record, which the Court will enforce; thus, this portion of Plaintiff's motion is **DEEMED RESOLVED**.

- As for an order compelling "the depositions he noticed," (ECF No. 13, PageID.107 ¶ 33), Plaintiff's motion is **DENIED WITHOUT PREJUDICE**, because Plaintiff represents that the parties "agreed to conduct depositions after the conclusion of written discovery[,]" (ECF No. 13, PageID.106 ¶ 28).

- Plaintiff's request for "a sixty-day extension of discovery for the parties to conclude the discovery sought by Plaintiff as well as any follow-up discovery necessitated by Defendant's discovery responses[,]" (*id*.), is **GRANTED**. The discovery and dispositive motion deadlines set forth in the Court's scheduling order (ECF No. 8) are extended to **December 17, 2021** and **January 21, 2022**, respectively.

Furthermore, while the Court finds 2015 to the present to be an appropriate temporal scope for these discovery requests, Defendant will not be required to supplement information relating to events *after* the date of this order, although it is reminded of its obligation to provide newly discovered material that it would have been required to provide in the first instance. Finally, as explained on the record, the payment of expenses is not warranted, because neither party prevailed in full. Fed. R. Civ. P. 37(a)(5)(C).[2]

**IT IS SO ORDERED.**

**Dated:** September 27, 2021

Anthony P. Patti
U.S. MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).